**NATIONAL AUTO RESEARCH PUBLICATIONS, INC., Appellant,**

v.

**UNITED STATES POSTAL SERVICE et al.**

No. 77–1174.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 27, 1978.

Decided July 14, 1978.

Marion Edwyn Harrison, Washington, D. C., for appellant.

Peter E. George, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty. and John A. Terry and Joseph Guerrieri, Jr., Asst. U. S. Attys., Washington, D. C., were on brief, for appellees.

Lillian A. McEwen, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellee.

Before McGOWAN, TAMM and LEVENTHAL, Circuit Judges.

Opinion for the court filed by TAMM, Circuit Judge.

TAMM, Circuit Judge.

Appellant, National Auto Research Publications, Inc., seeks review of an order[1] of the United States District Court for the District of Columbia upholding the action of the United States Postal Service (USPS) in revoking the second-class mailing privileges of appellant's publication, the *Official Used Car Market Guide Black Book (Black Book)*. We vacate the district court's order granting summary judgment against appellant, and remand with instructions to remand to USPS for further proceedings.

## I. BACKGROUND

*Black Book* is "a small, weekly booklet containing listings of wholesale auction prices for cars and trucks in various states."[2] It had been entered into the second-class mails since November 9, 1967.[3] By letter dated June 25, 1973, from the then-Manager of the Mail Classification Division[4] (at present, the Director of the Office of Mail Classification), USPS, appellant was informed that its second-class entry was to be annulled because *Black Book* was not a "periodical publication."[5]

Appellant contested the proposed action, and an evidentiary hearing before an ad-ministrative law judge (ALJ) followed. The ALJ believed that, although *Black Book* was not a "periodical," it was a "newspaper," and thus was entitled to retain its second-class status.[6] The Director appealed to the judicial officer of USPS, who agreed that *Black Book* was not a "periodical," but disagreed with, and reversed, the ALJ on the "newspaper" issue on the ground that it was not properly before the ALJ.[7] Appellant moved for reconsideration, but the judicial officer reaffirmed the Postal Service Decision, now ruling explicitly that *Black Book* was not a "newspaper."[8]

Appellant filed suit in the district court, seeking declaratory and injunctive relief, as well as damages.[9] After cross-motions for summary judgment, the district court granted that of USPS and denied that of appellant.[10] Appellant then appealed to this court.

## II. RESOLUTION

The ALJ, the judicial officer, and the district court based their opinions on the belief that *Houghton v. Payne,* 194 U.S. 88, 24 S.Ct. 590, 48 L.Ed. 888 (1904), required "a variety of original articles."[11] For the

1. Appendix (App.) at 31–38. The Memorandum & Order granting the appellees' motion for summary judgment and denying that of appellant is dated December 20, 1976.

2. *Id.* at 31 (footnote omitted).

3. *Id.* at 5, 23.

4. *Id.* at 13, 31; *see* Brief and Appendix for Appellees at 1.

5. App. at 13, 31, 108–09.

6. *Id.* at 117–24; *see id.* at 32.

7. *Id.* at 129–33; *see id.* at 32.

8. *Id.* at 144–49; *see id.* at 32.

9. *Id.* at 9.

10. *See* note 1 *supra.*

11. The administrative law judge (ALJ) believed that *Houghton v. Payne,* 194 U.S. 88, 24 S.Ct. 590, 48 L.Ed. 888 (1904), established a rule that "a periodical publication other than a newspaper . . . means either a magazine con-taining a variety of original articles by different authors devoted either to some special branch of learning or to a special class of subjects or a so-called 'non-descript' publication." App. at 118. He went on to note that appellant's publication "does not contain articles of any kind." *Id.* He rejected explicitly a narrow reading of *Houghton.*

The judicial officer reinforced the interpretation of the ALJ in his statement "[t]he [ALJ] held, correctly in my opinion, that [appellant's publication] did not meet the *Houghton v. Payne* definition of a periodical publication and that it did not fall within the type of nondescript publications such as railway guides that have been treated as periodicals." *Id.* at 133.

Finally, the district court, having succinctly and correctly stated the rule of *Houghton* to be that "books do not become periodicals entitled to second class treatment simply because they are issued periodically and in consecutive numbers" and, having noted that appellant advocated an interpretation limiting *Houghton* to its facts, rejected appellant's contention, stating that appellant "ignores the definition of periodicals in *Houghton,* however: 'A periodical . .

reasons set forth in *Standard Rate & Data Service, Inc. v. United States Postal Service*, 189 U.S.App.D.C. ——, 584 F.2d 473 (1978), argued orally at the same time as the instant case and decided today, we believe that this was erroneous. We therefore remand with instructions to remand to the Postal Service for proceedings not inconsistent with this opinion.[12]

*So ordered.*

contains a variety or original articles by different authors  .   .   . .' "  *Id.* at 33.

**12.** Our disposition would make any discussion of other issues raised by appellant premature.